|  |  |
|---|---|
| HALI MORGAN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Case No.4:25-cv-841 |
| v. | ) |
|  | ) |
| UNITEDHEALTHCARE INSURANCE | ) |
| COMPANY, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## **COMPLAINT**

1.      The Plaintiff, Hali Morgan, by and through the undersigned counsel, Talia Ravis, files this Complaint against Defendant UnitedHealthcare Insurance Company (hereinafter "UHC").

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Hali Morgan brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

3.      The Plaintiff, Hali Morgan, has at all time material hereto, been a resident of Kansas City, Missouri.

4.      Defendant UnitedHealthcare Insurance Company, headquartered in Minnesota, insures and administers the group employee benefit plan ("Plan") pursuant to which Plaintiff is a participant and seeks benefits.

5.      Plaintiff requests a trial on all issues triable, and designates Kansas City, Missouri, as its place of trial for this action.

## II. FACTUAL OBLIGATIONS

6. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

7. Plaintiff seeks reimbursement of the cost of breast reconstruction surgery in connection with mastectomies following a diagnosis of breast cancer.

<u>Ms. Morgan's Cancer Diagnosis and Treatment</u>

8. In February 2024, Ms. Morgan was diagnosed with breast cancer, specifically ductal carcinoma and invasive lobular carcinoma.

9. On March 20, 2024, Ms. Morgan underwent bilateral nipple areolar-sparing mastectomies and expander reconstructions.

<u>Ms. Morgan's Breast Reconstruction Surgery in Connection with Mastectomy</u>

10. On June 13, 2024, Ms. Morgan underwent bilateral second stage breast reconstructions surgery with superior gluteal arterial perforator microvascular free flaps. Drs. Jay S. Orringer and Scott Sullivan performed the surgery.

<u>UHC Denied Claims for Ms. Morgan's Breast Reconstruction Surgery Following Mastectomy</u>

11. In an Explanation of Benefits dated November 29, 2024, UHC denied claims for Ms. Morgan's breast reconstruction surgery.

12. UHC provided several claims processing codes for the denials: CES013, CES301, NSA001, MPPR02, INF002.

13. The NSA001 and MPPR02 codes were not explained in the EOB.

14. The CES013 code was indicated in the EOB as: "this type of provider may not be reimbursed for these types of services."

15. The CES031 code was indicated in the EOB as not eligible for an assistant surgeon.

16. The INF002 code indicated in the EOB as additional information was requested to

2

process the claim.

17. UHC did not contact Ms. Morgan or her surgeons regarding additional information that UHC required to process or pay the claims.

<u>Ms. Morgan's Appeal to UHC</u>

18. Ms. Morgan submitted an appeal to UHC on May 23, 2025.

19. The appeal included an appeal letter, medical records documenting Ms. Morgan's cancer diagnosis and mastectomies, operative reports for her breast reconstruction surgery, and letter of support from Dr. Orringer.

<u>Dr. Orringer's Letter of Support</u>

20. In a letter of support dated April 23, 2025, Dr. Orringer explained the complexity of Ms. Morgan's surgery and necessity for two surgeons.

21. Dr. Orringer explained that the mastectomies and expander reconstructions on March 20, 2024 left Ms. Morgan with very thin post-mastectomy soft tissues.

22. Dr. Orringer explained that he was required to perform a superior gluteal arterial perforator ("SGAP") due to Ms. Morgan's condition.

23. Dr. Orringer explained that the SGAP flap reconstruction is a highly complex breast reconstructive procedure of 10 to 12 hours that is only performed by a limited number of centers and high quality programs.

24. He further explained that two experienced microsurgeons were required to successfully perform the procedure.

25. Dr. Orringer wrote: "Especially in light of the very poor-quality post-mastectomy soft tissues in this case, this an absolutely medically necessary procedure, and particularly given the immense complexity of the procedure, two experienced co-surgeons working simultaneously, were required for its safe completion in an acceptable, albeit still lengthy, time interval."

3

<u>Ms. Morgan's Appeal Letter</u>

26.     In her appeal letter, Ms. Morgan wrote that UHC's EOB did not provide sufficient detail with reference to Plan terms, as required by ERISA regulations, for Ms. Morgan to reasonably understand the basis for UHC's denial and how she could perfect her claim.

27.     Ms. Morgan wrote that she did not understand why her providers could not be reimbursed, why the procedure code was not eligible for an assistant surgeon, what information was requested to process her claims, and what specific plan provisions UHC relied upon to deny the claims.

28.     Ms. Morgan requested that UHC comply with ERISA regulations by providing the following information which should have been provided to Ms. Morgan with UHC's initial denial:

(i)     The specific reason or reasons for the adverse determination;
(ii)    Reference to the specific plan provisions on which the determination is based;
(iii)   A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
(iv)    A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;
(v)     In the case of an adverse benefit determination by a group health plan—
        (A)     If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; or
        (B)     If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request.

29 CFR § 2560.503-1(g)(1).

29.     In the appeal letter, Ms. Morgan wrote that UHC's denial must be reversed because

4

it violates federal and state law and the applicable UHC insurance policy.

30.     Ms. Morgan wrote that the Women's Health and Cancer Rights Act of 1998 (WHCRA), Missouri state law, and the applicable UHC Insurance Policy require coverage for breast reconstruction following mastectomy.

31.      Ms. Morgan wrote that UHC's denial violates the Women's Health and Cancer Rights Act of 1998 (WHCRA) which requires group health plans to provide coverage for individuals who elect breast reconstruction after a mastectomy.

32.     Ms. Morgan wrote that under the WHCRA, group health plans must provide coverage for all stages of reconstruction of the breast on which the mastectomy was performed.

33.     Ms. Morgan wrote that UHC's denial also violates Missouri state law, Missouri Revised Statute section 376.1209, which requires group health insurance coverage for reconstructive surgery following mastectomy.

34.     Ms. Morgan wrote that UHC's denial further violates its own insurance policy which provides coverage for breast reconstruction following mastectomy:

> Please note that Benefits for reconstructive procedures include breast reconstruction following a mastectomy, and reconstruction of the non-affected breast to achieve symmetry. Other services required by the *Women's Health and Cancer Rights Act of 1998*, including breast prostheses and treatment of complications, are provided in the same manner and at the same level as those for any other Covered Health Care Service. Please note that no time limit will be imposed for receiving the prosthetic devices or reconstructive surgery

(UHC insurance policy, p. 24).

35.     Ms. Morgan requested that UHC reimburse her out-of-pocket cost of surgery in the amount of the unpaid claims, $208,469.26.

<u>UHC Denied Ms. Morgan's Appeal</u>

36.     In a letter dated June 5, 2025, UHC denied Ms. Morgan's appeal.

37.     UHC wrote that the claim was processed correctly and services were not eligible for

5

the payment requested.

38.     UHC did not provide a coherent explanation for the denial, did not explain the codes referenced in the EOB, did not acknowledge or address Dr. Orringer's letter, and did not address federal and state law cited by Ms. Morgan in her appeal letter.

**III. CAUSE OF ACTION FOR DENIAL OF PLAN BENEFITS UNDER ERISA**

39.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

40.     As a result of the above actions, and others, Defendant wrongfully denied Plaintiff's claims for benefits, in the following respects, among others:

(a)     Failure to authorize and pay for health benefits as required by the Plan at a time when Defendant knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b)     Failure to provide reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the requested health benefits;

(c)     After the benefit request was denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect her request along with an explanation of why such material is or was necessary; and

(d)     Failure to properly investigate the merits of the request and appeal submission.

41.     Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied health benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

6

42.     Following the denial of the request for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA and performed all duties and obligations on her part to be performed.

43.     As a proximate result of the denial of benefits, Plaintiff has been damaged by the cost of surgery in the amount $208,469.26.

44.     As a further direct and proximate result of this improper determination regarding the request for coverage, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

45.     Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her  rights to future benefits under the terms of the Plan.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, the Plaintiff, Hali Morgan, requests that this Honorable Court enter Judgment:

A.     Finding that Plaintiff is entitled to health benefits under the Plan for her breast reconstruction surgery and related healthcare costs;

B.     Order Defendant to approve and pay the cost to Plaintiff for her breast reconstruction surgery in the amount of $208,469.26 and prejudgment interest;

C.     Award the Plaintiff her attorney's fees and costs; and

D.     Award all other relief as may be just and appropriate.

Dated: 10/24/25                                 Respectfully Submitted,


                                                /s/Talia Ravis
                                                Talia Ravis
                                                MO Bar #58366
                                                Law Office of Talia Ravis, P.A.
                                                9229 Ward Parkway, Suite 370

7

Kansas City, Missouri 64114
816-333-8955 (telephone)
816-533-7805 (fax)
talia@erisakc.com
*Attorney for Plaintiff, Hali Morgan*