UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HALI MORGAN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-841-FJG |
| ) | |
| UNITEDHEALTHCARE INSURANCE ) | |
| COMPANY, ) | |
|     Defendant. ) | |

## **ANSWER**

Defendant UnitedHealthcare Insurance Company ("UHIC") answers Plaintiff's Complaint as follows:

1. The Plaintiff, Hali Morgan, by and through the undersigned counsel, Talia Ravis, files this Complaint against Defendant UnitedHealthcare Insurance Company (hereinafter "UHC").

    ANSWER: UHIC admits the allegations in Paragraph 1 of the Complaint.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Hali Morgan brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

    ANSWER: Paragraph 2 of the Complaint states a legal conclusion to which no response is

    required. Answering further, UHIC does not dispute that this case is governed by ERISA

    or that the Court has subject matter jurisdiction over the case.

3. The Plaintiff, Hali Morgan, has at all time material hereto, been a resident of Kansas City, Missouri.

    ANSWER: UHIC lacks information sufficient to form a belief as to the truth of the

    allegations in Paragraph 3 of the Complaint and, therefore, denies the same.

4. Defendant UnitedHealthcare Insurance Company, headquartered in Minnesota, insures and administers the group employee benefit plan ("Plan") pursuant to which Plaintiff is a participant and seeks benefits.

ANSWER: With respect to the allegations in Paragraph 4 of the Complaint, UHIC admits only that it issued the UnitedHealthcare Insurance Company Group Policy for Unruh Pediatric Dentistry LLC (the "Policy"), that the Policy funds benefits available under a "welfare benefit plan," as defined in ERISA (the "Plan"), and that Plaintiff was a "participant" in the Plan, as defined in ERISA. UHIC denies the remaining allegations in Paragraph 4 of the Complaint.

5. Plaintiff requests a trial on all issues triable, and designates Kansas City, Missouri, as its place of trial for this action.

ANSWER: With respect to the allegations in Paragraph 5, UHIC admits that the Complaint requests a trial on all issues triable and designates Kansas City, Missouri as the place for trial. Answering further UHIC specially states that Plaintiff is not entitled to a jury trial under ERISA.

## II. FACTUAL OBLIGATIONS

6. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

ANSWER: UHIC incorporates its responses to the referenced paragraphs as if fully set forth herein.

7. Plaintiff seeks reimbursement of the cost of breast reconstruction surgery in connection with mastectomies following a diagnosis of breast cancer.

ANSWER: With respect to the allegations in Paragraph 6 of the Complaint, UHIC admits only that Paragraph 7 seeks the relief stated. UHIC specifically denies that Plaintiff is entitled to the relief sought or will prevail on her claim.

### Ms. Morgan's Cancer Diagnosis and Treatment

8. In February 2024, Ms. Morgan was diagnosed with breast cancer, specifically ductal carcinoma and invasive lobular carcinoma.

ANSWER: With respect to the allegations in Paragraph 8 of the Complaint, UHIC admits only that the administrative record contains copies of any medical records gathered or submitted during the claims process, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 8 of the Complaint.

9. On March 20, 2024, Ms. Morgan underwent bilateral nipple areolar-sparing mastectomies and expander reconstructions.

ANSWER: With respect to the allegations in Paragraph 9 of the Complaint, UHIC admits only that the administrative record contains copies of any medical records gathered or submitted during the claims process, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 9 of the Complaint.

**Ms. Morgan's Breast Reconstruction Surgery in Connection with Mastectomy**

10. On June 13, 2024, Ms. Morgan underwent bilateral second stage breast reconstructions surgery with superior gluteal arterial perforator microvascular free flaps. Drs. Jay S. Orringer and Scott Sullivan performed the surgery.

ANSWER: With respect to the allegations in Paragraph 10 of the Complaint, UHIC admits only that the administrative record contains copies of any medical records gathered or submitted during the claims process, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 10 of the Complaint.

**UHC Denied Claims for Ms. Morgan's Breast Reconstruction Surgery Following Mastectomy**

11. In an Explanation of Benefits dated November 29, 2024, UHC denied claims for Ms. Morgan's breast reconstruction surgery.

ANSWER: With respect to the allegations in Paragraph 11 of the Complaint, UHIC admits only that the administrative record contains copies of any Explanation of Benefits related to Plaintiff's claims, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 11 of the Complaint.

12. UHC provided several claims processing codes for the denials: CES013, CES301, NSA001, MPPR02, INF002.

>ANSWER: With respect to the allegations in Paragraph 12 of the Complaint, UHIC admits only that the administrative record contains copies of any Explanation of Benefits related to Plaintiff's claims, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 12 of the Complaint.

13. The NSA001 and MPPR02 codes were not explained in the EOB.

>ANSWER: With respect to the allegations in Paragraph 13 of the Complaint, UHIC admits only that the administrative record contains copies of any Explanation of Benefits related to Plaintiff's claims, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 13 of the Complaint.

14. The CES013 code was indicated in the EOB as: "this type of provider may not be reimbursed for these types of services."

>ANSWER: With respect to the allegations in Paragraph 14 of the Complaint, UHIC admits only that the administrative record contains copies of any Explanation of Benefits related to Plaintiff's claims, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 14 of the Complaint.

15. The CES031 code was indicated in the EOB as not eligible for an assistant surgeon.

>ANSWER: With respect to the allegations in Paragraph 15 of the Complaint, UHIC admits only that the administrative record contains copies of any Explanation of Benefits related to Plaintiff's claims, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 15 of the Complaint.

16. The INF002 code indicated in the EOB as additional information was requested to process the claim.

ANSWER: With respect to the allegations in Paragraph 16 of the Complaint, UHIC admits only that the administrative record contains copies of any Explanation of Benefits related to Plaintiff's claims, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 16 of the Complaint.

17. UHC did not contact Ms. Morgan or her surgeons regarding additional information that UHC required to process or pay the claims.

ANSWER: UHIC denies the allegations in Paragraph 17 of the Complaint.

## Ms. Morgan's Appeal to UHC

18. Ms. Morgan submitted an appeal to UHC on May 23, 2025.

ANSWER: In response to Paragraph 18 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 18 of the Complaint.

19. The appeal included an appeal letter, medical records documenting Ms. Morgan's cancer diagnosis and mastectomies, operative reports for her breast reconstruction surgery, and letter of support from Dr. Orringer.

ANSWER: In response to Paragraph 19 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff and any supporting documentation, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 19 of the Complaint.

## Dr. Orringer's Letter of Support

20. In a letter of support dated April 23, 2025, Dr. Orringer explained the complexity of Ms. Morgan's surgery and necessity for two surgeons.

ANSWER: In response to Paragraph 20 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff and any supporting documentation, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 20 of the Complaint.

21. Dr. Orringer explained that the mastectomies and expander reconstructions on March 20, 2024 left Ms. Morgan with very thin post-mastectomy soft tissues.

>   ANSWER: In response to Paragraph 21 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff and any supporting documentation, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 21 of the Complaint.

22. Dr. Orringer explained that he was required to perform a superior gluteal arterial perforator ("SGAP") due to Ms. Morgan's condition.

>   ANSWER: In response to Paragraph 22 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff and any supporting documentation, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 22 of the Complaint.

23. Dr. Orringer explained that the SGAP flap reconstruction is a highly complex breast reconstructive procedure of 10 to 12 hours that is only performed by a limited number of centers and high quality programs.

>   ANSWER: In response to Paragraph 23 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff and any supporting documentation, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 23 of the Complaint.

24. He further explained that two experienced microsurgeons were required to successfully perform the procedure.

>   ANSWER: In response to Paragraph 24 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff and any supporting documentation, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 24 of the Complaint.

25. Dr. Orringer wrote: "Especially in light of the very poor-quality post-mastectomy soft tissues in this case, this an absolutely medically necessary procedure, and particularly given the immense

complexity of the procedure, two experienced co-surgeons working simultaneously, were required for its safe completion in an acceptable, albeit still lengthy, time interval."

> ANSWER: In response to Paragraph 25 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff and any supporting documentation, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 25 of the Complaint.

### Ms. Morgan's Appeal Letter

26. In her appeal letter, Ms. Morgan wrote that UHC's EOB did not provide sufficient detail with reference to Plan terms, as required by ERISA regulations, for Ms. Morgan to reasonably understand the basis for UHC's denial and how she could perfect her claim.

> ANSWER: In response to Paragraph 26 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 26 of the Complaint.

27. Ms. Morgan wrote that she did not understand why her providers could not be reimbursed, why the procedure code was not eligible for an assistant surgeon, what information was requested to process her claims, and what specific plan provisions UHC relied upon to deny the claims.

> ANSWER: In response to Paragraph 27 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 27 of the Complaint.

28. Ms. Morgan requested that UHC comply with ERISA regulations by providing the following information which should have been provided to Ms. Morgan with UHC's initial denial:
   (i)   The specific reason or reasons for the adverse determination;
   (ii)  Reference to the specific plan provisions on which the determination is based;
   (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
   (iv)  A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;
   (v)   In the case of an adverse benefit determination by a group health plan—
     (A) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such

       rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; or
- (B) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request.

29 CFR § 2560.503-1(g)(1).

    ANSWER: In response to Paragraph 28 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 28 of the Complaint.

29. In the appeal letter, Ms. Morgan wrote that UHC's denial must be reversed because it violates federal and state law and the applicable UHC insurance policy.

    ANSWER: In response to Paragraph 29 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 29 of the Complaint.

30. Ms. Morgan wrote that the Women's Health and Cancer Rights Act of 1998 (WHCRA), Missouri state law, and the applicable UHC Insurance Policy require coverage for breast reconstruction following mastectomy.

    ANSWER: In response to Paragraph 30 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 30 of the Complaint.

31. Ms. Morgan wrote that UHC's denial violates the Women's Health and Cancer Rights Act of 1998 (WHCRA) which requires group health plans to provide coverage for individuals who elect breast reconstruction after a mastectomy.

    ANSWER: In response to Paragraph 31 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 31 of the Complaint.

32. Ms. Morgan wrote that under the WHCRA, group health plans must provide coverage for all stages of reconstruction of the breast on which the mastectomy was performed.

ANSWER: In response to Paragraph 32 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 32 of the Complaint.

33. Ms. Morgan wrote that UHC's denial also violates Missouri state law, Missouri Revised Statute section 376.1209, which requires group health insurance coverage for reconstructive surgery following mastectomy.

ANSWER: In response to Paragraph 33 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 33 of the Complaint.

34. Ms. Morgan wrote that UHC's denial further violates its own insurance policy which provides coverage for breast reconstruction following mastectomy:
> Please note that Benefits for reconstructive procedures include breast reconstruction following a mastectomy, and reconstruction of the non-affected breast to achieve symmetry. Other services required by the Women's Health and Cancer Rights Act of 1998, including breast prostheses and treatment of complications, are provided in the same manner and at the same level as those for any other Covered Health Care Service. Please note that no time limit will be imposed for receiving the prosthetic devices or reconstructive surgery

(UHC insurance policy, p. 24).

ANSWER: In response to Paragraph 34 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 34 of the Complaint.

35. Ms. Morgan requested that UHC reimburse her out-of-pocket cost of surgery in the amount of the unpaid claims, $208,469.26.

ANSWER: In response to Paragraph 35 of the Complaint, UHIC admits only that the administrative record contains an appeal letter on behalf of Plaintiff, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 35 of the Complaint.

### UHC Denied Ms. Morgan's Appeal

36. In a letter dated June 5, 2025, UHC denied Ms. Morgan's appeal.

ANSWER: In response to Paragraph 36 of the Complaint, UHIC admits only that the administrative record contains a copy of a letter dated June 5, 2025, announcing a decision contained therein, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 36 of the Complaint.

37. UHC wrote that the claim was processed correctly and services were not eligible for the payment requested.

ANSWER: In response to Paragraph 37 of the Complaint, UHIC admits only that the administrative record contains a copy of a letter dated June 5, 2025, announcing a decision contained therein, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 37 of the Complaint.

38. UHC did not provide a coherent explanation for the denial, did not explain the codes referenced in the EOB, did not acknowledge or address Dr. Orringer's letter, and did not address federal and state law cited by Ms. Morgan in her appeal letter.

ANSWER: In response to Paragraph 38 of the Complaint, UHIC admits only that the administrative record contains a copy of a letter dated June 5, 2025, announcing a decision contained therein, the content of which speaks for itself. UHIC denies the remaining allegations in Paragraph 38 of the Complaint.

### III. CAUSE OF ACTION FOR DENIAL OF PLAN BENEFITS UNDER ERISA

39. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

ANSWER: UHIC incorporates its responses to the referenced paragraphs as if fully set forth herein.

40. As a result of the above actions, and others, Defendant wrongfully denied Plaintiff's claims for benefits, in the following respects, among others:
    (a) Failure to authorize and pay for health benefits as required by the Plan at a time when Defendant knew Plaintiff was entitled to such benefits under the terms of the Plan;
    (b) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the requested health benefits;

(c) After the benefit request was denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect her request along with an explanation of why such material is or was necessary; and
(d) Failure to properly investigate the merits of the request and appeal submission.

> ANSWER: UHIC denies the allegations in Paragraph 40 of the Complaint.

41. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied health benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

> ANSWER: UHIC denies the allegations in Paragraph 41 of the Complaint.

42. Following the denial of the request for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA and performed all duties and obligations on her part to be performed.

> ANSWER: Paragraph 42 of the Complaint states a legal conclusion to which no response is required. Answering further, the issue of exhaustion depends on the claims and arguments pursued in this lawsuit. Any claim or argument not pursued to exhaustion is barred. UHIC denies the remaining allegations in Paragraph 42 of the Complaint.

43. As a proximate result of the denial of benefits, Plaintiff has been damaged by the cost of surgery in the amount $208,469.26.

> ANSWER: UHIC denies the allegations in Paragraph 43 of the Complaint.

44. As a further direct and proximate result of this improper determination regarding the request for coverage, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

> ANSWER: UHIC denies the allegations in Paragraph 44 of the Complaint.

45. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

> ANSWER: UHIC denies the allegations in Paragraph 45 of the Complaint.

Defendant denies all allegations not specifically admitted herein and opposes the prayer for relief following Paragraph 45 of the Complaint.

## AFFIRMATIVE DEFENSES

For its separate, alternative, and affirmative defenses, UHIC states and alleges as follows:

1. The Complaint fails to state a claim against UHIC upon which relief may be granted.

2. Plaintiff's claims are barred by the terms and conditions of the Plan and the Policy.

3. The claims submitted are not eligible for coverage under the Plan and the Policy.

4. The claims submitted were not for "Covered Health Care Services," as defined in the Plan and the Policy.

5. The claim submitted for the procedure is not eligible for co-surgeons.

6. Any claims or remedies Plaintiff might assert against Defendant are completely preempted by and/or limited to those allowed under 29 U.S.C. § 1132(a)(1)(B).

7. The Court's review of the alleged failure to provide benefits shall be for an abuse of discretion.

8. The Court's review of the alleged failure to provide benefits is limited to the administrative record considered by Defendant.

9. Plaintiff is not entitled to a jury trial and any request for a jury trial should be stricken.

10. The alleged actions of UHIC are entitled to deference, were not arbitrary, capricious, unreasonable, or made in bad faith, but rather, were justified by, and consistent with, the terms of the applicable Plan documents, including the Policy, and any duties owed by UHIC under ERISA or other federal, state, or common law.

11. To the extent that Plaintiff may be entitled to recover any benefits under the Plan, such recovery is subject to setoff under the terms of the Plan.

12. If and to the extent it is ultimately determined that Plaintiff is eligible for benefits, which Defendant denies, the payment of any such benefits would be subject to all terms, provisions, and limitations of the Policy, including, without limitation, those on co-payments or cost sharing, and is only eligible for payment as stated in the Schedule of Benefits. If the Court determines that an award of benefits is required, the Court should remand the case to Defendant for consideration of any applicable terms, provisions, and limitations and/or calculation of the appropriate benefit amount as well as the consideration of all other terms, provisions, and limitations of the Plan and the Policy.

13. Plaintiff has not met the requirements for an award of fees under 29 U.S.C. § 1132(g), or any other authority.

14. Depending on the arguments or claims ultimately made, Plaintiff may have failed to exhaust administrative remedies. Any argument or claim not pursued to exhaustion through the administrative process is not exhausted and must not be considered.

15. Defendant reserves the right to assert additional defenses that may become apparent during the investigation and discovery in the case.

Accordingly, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff.

    Respectfully submitted,
    STINSON LLP

    By: s/Christopher J. Leopold
    Christopher J. Leopold, MO # 51407
    1201 Walnut, Suite 2900
    Kansas City, MO 64106-2150
    816.842.8600 / 816.691.3495 (F)
    chris.leopold@stinson.com

    ATTORNEYS FOR DEFENDANT