UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HALI MORGAN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITEDHEALTHCARE INSURANCE )<br>COMPANY, )<br>    Defendant. ) | Case No. 4:25-cv-841-FJG |

### JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26 and this Court's Order of December 30, 2025 (Doc. 10), Plaintiff Hali Morgan and Defendant UnitedHealthcare Insurance Company ("UHIC") submit this Joint Proposed Scheduling Order and Discovery Plan:

**1. TRIAL SETTING.** This case involves a claim for "benefits due" under the Employee Retirement Income Security Act of 1974 ("ERISA"). The case is likely to be decided on dispositive motions, but the parties suggest a trial setting for a one day bench trial (in the unlikely event it would it be necessary) on February 19, 2027.

**2. INITIAL DISCLOSURES.** The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by March 13, 2026. Defendant will produce a copy of the administrative record and applicable Policy Documents, at the later of that time or after entry of a HIPAA compliant Protective Order.

**3. MOTIONS TO AMEND PLEADINGS.** The parties do not anticipate such a Motion, but any motion to amend the pleadings shall be filed on or before February 27, 2026.

**4. MOTION TO JOIN ADDITIONAL PARTIES.** The parties do not anticipate such a Motion, but any motion to join additional parties shall be filed on or before February 27, 2026.

**5. DISCOVERY DEADLINE.** The parties expect that the issues will be determined based solely on the administrative record and that no discovery will be necessary, absent good cause. However, to the extent discovery is warranted, all pretrial discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before June 26, 2026.

**6. ELECTRONIC DISCOVERY.** The parties do not anticipate that this case will involve ESI discovery. However, if ESI is a subject of discovery, it should be requested with as much specificity/particularity as possible to minimize the required expense. Unless otherwise agreed upon, the parties will disclose/produce ESI in hardcopy or static form (e.g., searchable .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with the Fed. R. Civ. P. 34(b)(iii), it is presumed the parties will need not produce the same ESI in more than one form.

**7. EXPERT DESIGNATION DEADLINES.** The parties agree expert witnesses will not be used in this action.

**8. DISPOSITIVE MOTION DEADLINE.** All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before July 31, 2026. All dispositive motions shall comply with Local Rules 7.0 and 56.1.

**9. PROTECTIVE ORDERS.** Because this case involves production of information protected by HIPAA, the parties will submit a HIPAA-complaint protective order.

Jointly submitted,

By: s/Christopher J. Leopold
    Christopher J. Leopold, MO # 51407
    STINSON LLP
    1201 Walnut, Suite 2900
    Kansas City, MO 64106-2150
    816.842.8600 / 816.691.3495 (F)
    chris.leopold@stinson.com

ATTORNEYS FOR DEFENDANT


By: s/Talia Ravis
    Talia Ravis, MO #58366
    Law Office of Talia Ravis, P.A.
    9229 Ward Parkway, Suite 370
    Kansas City, MO 64114
    816.333.8955 / 816.533.7805 (F)
    talia@erisakc.com

    Elizabeth K. Green, Pro Hac Vice
    Green Health Law
    201 N. Brand Blvd., Suite 200
    Glendale, CA 91203
    818.722.1164
    egreen@greenhealthlaw.com

ATTORNEYS FOR PLAINTIFF